**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kenneth Lemberg, ) | No. CV-08-01079-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Michael J. Astrue, Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The court has before it plaintiff Kenneth Lemberg's opening brief (doc. 14), the Commissioner's response (doc. 15), and plaintiff's reply (doc. 18).

**I.**

In October 2001, plaintiff developed neck and shoulder pain while working as a seafood manager at a grocery store. He underwent decompression and tendon repair surgeries on his left shoulder on January 29, 2002 and September 10, 2002. He applied for disability insurance benefits on June 2, 2004, alleging a disability onset date of January 29, 2002. After two hearings, the administrative law judge ("ALJ") issued a partially favorable decision concluding that plaintiff was disabled from January 29, 2002 through November 25, 2003 due to degenerative disc disease and an arthritic left shoulder. The ALJ found that plaintiff's post-November 25, 2003 impairments, degenerative disc disease, arthritic left

shoulder, mild dysthymic disorder, and a history of bipolar disorder, did not prevent him from engaging in other work. The ALJ's decision became the Commissioner's final decision when the Appeals Council denied plaintiff's request for review. Plaintiff now seeks judicial review pursuant to 42 U.S.C. § 405(g).

We may set aside a denial of benefits "only if it is not supported by substantial evidence or if it is based on legal error." Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." Id. (citations omitted).

## II.

Plaintiff contends that the ALJ's conclusion that his disability ended on November 25, 2003 was not supported by evidence of medical improvement or a sufficient residual functional capacity assessment. Aside from inapplicable exceptions, a claimant's disability may end when the medical severity of an impairment decreases based on "symptoms, signs and/or laboratory findings." 20 C.F.R. § 404.1594(b)(1). This medical improvement must be related to the claimant's ability to work. Id. § 404.1594(c). Based on the November 25, 2003 report of an examining physician, Dr. Wood, the ALJ concluded that the severity of plaintiff's pain had decreased. Dr. Wood's evaluation of plaintiff's symptoms supported this conclusion. In contrast to plaintiff's complaints of pain after his surgeries, Dr. Wood described plaintiff's shoulder pain as constant and slight, increasing to moderate during active use. Tr. at 321. He also described the pain in plaintiff's neck, the location of his degenerative disc disease, as intermittent and slight to moderate. Id.

However, the ALJ failed to properly consider the medical reports of plaintiff's treating physician, Dr. Porter. The ALJ credited plaintiff's pain complaints through November 25, 2003. Id. at 19. Several weeks before Dr. Wood's examination on October 29, 2003, Dr.

Porter detailed plaintiff's account of constant and severe pain in an October 7, 2003 report.[1] Id. at 437. The ALJ did not resolve this discrepancy between plaintiff's credited complaints of severe pain and a finding of medical improvement based on decreased pain symptoms.

The ALJ also failed to properly consider Dr. Porter's medical reports when he determined plaintiff's residual functional capacity. A claimant's residual functional capacity is his ability to engage in sustained work-related activities despite his limitations. 20 C.F.R. § 404.1545. When determining whether a period of disability ended, an ALJ assesses a claimant's residual functional capacity with respect to his prior impairments to see if his medical improvement was related to his ability to work and with respect to his current impairments to see if he is able to work.[2] Id. § 404.1594. Here, the ALJ relied on Dr. Wood's November 25, 2003 report to conclude that plaintiff regained the physical capacity:

> To perform work that is not at a heavy exertional level. With his dominant left upper extremity he is precluded from work that involves lifting, pushing, pulling of heavy objects as well as repetitive work at or above the shoulder level. He is further precluded from repetitive work at or above shoulder level with his right upper extremity.

Tr. at 26. Heavy work consists of lifting up to 100 pounds at a time with frequent lifting or carrying of objects up to 50 pounds. 20 C.F.R. § 404.1567. The weight thresholds for medium work are 50 and 25 pounds. Id. On August 26, 2004, Dr. Porter noted that plaintiff:

> [C]ontinues to be impaired related to his current condition and his limitation for work has to do with functionality of his upper extremities. I told him not to do any repetitive motion in the upper extremities nor any overhead activities. Pushing, pulling of the upper extremities also restricted and 20 lb weight limit for lifting given.

Tr. at 422. The ALJ stated that his assessment of plaintiff's residual functional capacity was "not inconsistent" with Dr. Porter's August 2004 opinion. Id. at 24. It was plainly inconsistent with Dr. Porter's limitations on lifting and repetitive use of the arms at any level.

---

[1] In his response, the Commissioner suggests that two pages from this report are missing from the record. The remainder of the report is merely in a different location. Tr. at 413, 437-38.

[2] While not an issue in this case, the process changes if the criteria for listed impairments are met. See 20 C.F.R. Part 404, Subpart P, App. 1.

- 3 -

1          We will remand plaintiff's case to the Commissioner because the ALJ's conclusions
2   on plaintiff's medical improvement and residual functional capacity do not comport with
3   plaintiff's credited complaints or Dr. Porter's opinion. Plaintiff also contends that the ALJ's
4   residual functional capacity determination failed to provide a function-by-function
5   assessment or take into account Dr. Porter's diagnoses and plaintiff's complaints of fatigue
6   and an inability to grasp objects. Moreover, he asserts that the ALJ failed to resolve a
7   conflict between the vocational expert's testimony and the Dictionary of Occupational Titles.
8   We are not persuaded that any of these issues would warrant remand independently, but they
9   are now moot. On remand, the Commissioner shall reassess plaintiff's medical improvement
10  and his residual functional capacity.

**III.**

12         Finally, plaintiff maintains that the ALJ improperly rejected his subjective complaints
13  of pain and fatigue after November 25, 2003. An ALJ is entitled to use ordinary techniques
14  of credibility evaluation, such as considering inconsistencies in a claimant's testimony.
15  Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005). Where, as here, some degree of a
16  claimant's symptoms would be expected, his complaints about their severity may be rejected
17  on evidence of malingering or clear and convincing evidence. Vasquez v. Astrue, 572 F.3d
18  586, 593-94 (9th Cir. 2009).

19         The ALJ found that plaintiff's complaints were not entirely credible based on his
20  activities, lack of muscle atrophy, lack of supporting medical evidence, driving habits, and
21  travel. Somewhat ambiguously, the ALJ concluded that these factors were inconsistent with
22  disability in general, plaintiff's complaints during treatment, and his hearing testimony.
23  Contrary to the ALJ's conclusions, some of the factors were consistent with disability and
24  plaintiff's general complaints. But most were inconsistent with his testimony.

25         The ALJ drew an adverse inference from plaintiff's activities, which consisted of
26  reading, watching television, running errands, playing video games, swimming once a month,
27  cooking a few times a week, tossing a softball, doing laundry, playing board games and
28  cards, refinishing furniture, and playing with a radio-controlled truck. Tr. at 24. Plaintiff

points out that many of these activities involve minimal effort, and there is no evidence that he could sustain the more arduous ones for any length of time. Thus, the ALJ was mistaken to the extent that he found them necessarily inconsistent with disability.

However, the ALJ also found plaintiff's activities inconsistent with his alleged functional limitations. At the first hearing, plaintiff testified that he could only walk about fifty feet without resting, stand for ten to fifteen minutes, and sit for fifteen to thirty minutes. Id. at 61. He also claimed that he could not reach his arms over his head, squat, kneel, load or unload a dishwasher, vacuum, sweep, or mop. Id. at 62, 64. Given these severe asserted limitations, the ALJ rationally drew an adverse credibility inference based on plaintiff's activities.

Similarly, plaintiff's documented lack of muscle atrophy in his left shoulder was consistent with evidence that he exercised at home and intermittently engaged in physical therapy. Id. at 449, 402. Nevertheless, the ALJ rationally concluded that plaintiff's lack of muscle atrophy was inconsistent with his claimed lack of use of his shoulder. The ALJ also properly weighed the absence of objective medical evidence corroborating plaintiff's complaints because it was considered along with other permissible factors. See Burch, 400 F.3d at 681.

The ALJ improperly relied on several factors. He drew an adverse inference from plaintiff's "ability to drive without problems," Tr. at 24, even though plaintiff complained about difficulties with driving. Id. at 455. He also found that plaintiff's testimony was inconsistent with a lone flight to California. One short trip cannot bear the weight of such an inference.

We conclude that the ALJ's determination that plaintiff's complaints were not entirely credible after November 25, 2003 was supported by substantial evidence. The evidence concerning plaintiff's activities, lack of muscle atrophy, and lack of supporting medical evidence, when compared to his testimony, was clear and convincing. Plaintiff's hearing testimony also exhibited malingering. The ALJ's reliance on plaintiff's ability to drive and travel was harmless error because it did not negate the validity of his determination. See

| | |
|---|---|
| 1 | Carmickle v. Comm'r, Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008). Because we |
| 2 | uphold the ALJ's credibility determination, plaintiff's contention that his subjective |
| 3 | complaints must be accepted as true fails. See Vasquez, 572 F.3d at 593-94. |
| 4 | **IT IS THEREFORE ORDERED REMANDING** this case to the Commissioner |
| 5 | under sentence four of 42 U.S.C. § 405(g) for further consideration in accordance with this |
| 6 | order. |
| 7 | The clerk shall enter final judgment. |
| 8 | DATED this 12th day of March, 2010. |

*Frederick J. Martone*
Frederick J. Martone
United States District Judge